IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-72-D

YOUNG BOK SONG, )
 )
        Plaintiff, )
 )
v. ) **ORDER**
 )
JAMES WELCH, )
MICHAEL FITZGERALD, )
and ROBERTO RIVERA, )
 )
        Defendants. )

Young Bok Song ("plaintiff" or "Song") was convicted in Tennessee state court of seven counts of child rape and four counts of aggravated sexual battery and is serving a 65-year prison sentence in Tennessee. See State v. Song, No. M2004-02885-CCA-R3-CD, 2005 WL 2978972, at *1 (Tenn. Crim. App. Nov. 4, 2005) (unpublished). In this case, Song has sued James Welch, Michael Fitzgerald, and Roberto Rivera (collectively "defendants") under 42 U.S.C. § 1983 and seeks damages. In 2003, Rivera, Welch, and Fitzgerald were police officers with the City of Fayetteville. On November 18, 2003, Welch and Fitzgerald arrested Song in Fayetteville pursuant to outstanding Tennessee arrest warrants. Rivera then interviewed Song after his arrest. Thereafter, Song was extradited to Tennessee, stood trial, was convicted, and was sentenced. See Song, 2005 WL 2978972, at *1; see also Song v. State, No. M2007-00404-CCA-R3-PC, 2008 WL 624926, at *1 (Tenn. Crim. App. Mar. 4, 2008) (unpublished).

Welch and Fitzgerald have moved to dismiss Song's amended complaint for failure to state a claim upon which relief can be granted [D.E. 51].[1] In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can

---

[1] Although the U.S. Marshal has attempted to serve Rivera, the Marshal has not yet located him to effect service. Thus, the court lacks personal jurisdiction over Rivera.

be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Song is proceeding pro se, and the court construes the allegations in his pro se complaint liberally. See, e.g., Erickson, 551 U.S. at 94. However, "[w]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir.1990) (quotations omitted).

Song's amended complaint is grounded in 42 U.S.C. § 1983 and the Vienna Convention on Consular Relations. Remarkably, however, the complaint makes no allegations that Welch and Fitzgerald engaged in any wrongdoing. Rather, only one exhibit attached to the complaint mentions them and it indicates that they arrested Song on November 18, 2003, in Fayetteville pursuant to outstanding Tennessee arrest warrants [D.E. 1-1, at 47–48; D.E. 14-8, at 6–7]. Thus, the amended complaint fails to state a claim. Moreover, if Song (who is a Korean national) contends that Welch and Fitzgerald violated the Vienna Convention on Consular Relations by failing to notify the Korean Consulate of his arrest, the claim fails. See, e.g., Gandara v. Bennett, 528 F.3d 823, 825, 827–29

2

(11th Cir. 2008); see also Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997). Accordingly, Song has failed to state a claim against Welch and Fitzgerald, and the court grants their motion to dismiss [D.E. 51].

Song's section 1983 claim fails for another reason: the statute of limitations. Song's section 1983 claim against Welch and Fitzgerald stems from their conduct on November 18, 2003. However, Song did not file suit until February 17, 2009 [D.E. 1]. Thus, North Carolina's three-year statute of limitations bars Song's section 1983 claim against Welch and Fitzgerald. See, e.g., Wallace v. Kato, 549 U.S. 384, 387–88 (2007); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 1991).

Song has filed a variety of motions. The motions [D.E. 43, 44, 47, 50, 53, 55, 56, 61, 63] lack merit and are denied.

In sum, the court GRANTS Welch and Fitzgerald's motion to dismiss [D.E. 51] and DENIES Song's motions [D.E. 43, 44, 47, 50, 53, 55, 56, 61, 63].

SO ORDERED. This _16_ day of July 2010.

JAMES C. DEVER III
United States District Judge

3